UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.                                                          1:25-CV-1576 (GTS/DJS)

DOUGLAS CLINE; and JOANNE CLINE,

                          Defendants.

_____

APPEARANCES:                                  OF COUNSEL:

OFFICE OF THE UNITED STATES ATTORNEY      CHRISTOPHER R. MORAN, ESQ.
FOR THE NORTHERN DISTRICT OF NEW YORK     ADAM J. KATZ, ESQ.
  Counsel for the Government              Assistant United States Attorneys
445 Broadway, Room 218
Albany, NY 12207-2924

DOUGLAS CLINE
  Defendant, *Pro Se*
55 Railroad Place, Apt. 523
Saratoga Springs, NY 12866

JOANNE CLINE
  Co-Defendant, *Pro Se*
PO Box 1932
Bolton Landing, NY 12814

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this civil forfeiture proceeding by the United States

("Government") against Douglas and Joanne Cline ("Defendants"), are the following: (1)

Defendants' motions to dismiss the Government's Complaint for failure to state a claim; (2)

United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that

Defendants' motions to dismiss be denied; (3) Defendants' Objections and Amended Objections

1

to both that Report-Recommendation and Magistrate Judge Stewart's Order granting the Government's Application for a Prejudgment Writ of Attachment in the amount of $875,000.00; and (4) the Government's response to Defendants' Objections and Amended Objections.  (Dkt. Nos. 3, 16, 17, 32, 39, 44-47, 49.)  For the reasons set forth below, the Court accepts and adopts Magistrate Judge Stewart's Report-Recommendation in its entirety and denies Defendants' motions to dismiss, and the Court affirms Magistrate Judge Stewart's Order granting the Government's Application for a Prejudgment Writ of Attachment in the amount of $875,000.00.

Generally, in their Objections, Defendants submit approximately 26 single-spaced pages of challenges that essentially contain a half-dozen arguments, sometimes repetitive but always organized: (1) Magistrate Judge Stewart misapplied a pleading-sufficiency standard to the Government's application for a Prejudgment Writ of Attachment, instead of the required showing of probable validity; (2) Defendants were not afforded adequate due process before the Writ was issued; (3) the Writ is unsupported by adequate evidence of constructive fraud; (4) the Writ fails to give sufficient weight to a judicially sanctioned divorce transfer; (5) the Writ is excessive and not narrowly tailored; and (6) the Writ is unsupported by a finding that Defendant Joanne Cline did not accept the property in good faith.  (Dkt. Nos. 44, 45, 46, and 47.)  Each of these arguments is asserted with the misplaced confidence that has become a hallmark of an output of a generative artificial intelligence tool.

After carefully considering these arguments, the Court rejects them for each of the four reasons stated in the Government's response.  (Dkt. No. 49.)  First, as the Government argues, contrary to Defendants' argument that Magistrate Judge Stewart misapplied a pleading-sufficiency standard to the Government's application for a Prejudgment Writ of Attachment

2

pursuant to 28 U.S.C. § 3001(a)(2), in fact he applied the correct records-based probable-validity standard, and in doing so correctly he relied on an extensive evidentiary record. (*Id.* at 1-2.) The Court adds that Defendants (or the generative artificial intelligence tools that they used) place much weight on the following sentence from page 19 of the Report-Recommendation: "[T]he Government has satisfied its burden, primarily for the reasons identified in the preceding analysis in connection with the Defendants' Motions to Dismiss." (*See, e.g.,* Dkt. No. 44, at 1, 3; Dkt. No. 47, at 1, 3; *cf.* Dkt. No. 46, at 5 [repeating Def. Douglas Cline's argument].) However, in addition to neglecting to acknowledge the importance of the adverb "primarily" in that sentence, Defendants neglect to acknowledge the next sentence of the Report-Recommendation: "The Government has now produced, in *evidentiary* form, records and testimony regarding [seven listed facts]." (Dkt. No. 39, at 19 [emphasis added].) Even a cursory analysis of the Report-Recommendation demands a candid acknowledgment that Magistrate Judge Stewart relied on admissible record evidence in granting the Government's application for a Writ. (*Id.* at 16-17, 19 [citing the sworn affidavit of Dr. Martin Schaefer and the "records and testimony" attached at Dkt. No. 3].)

Second, as the Government argues, contrary to Defendants' argument that they did not receive due process, in fact they received the process required by 28 U.S.C. § 3101(d) through their pre-noticed hearing on December 9, 2025, at which (a) they neither submitted contrary evidence nor identified specific evidence they were unable to present, and (b) Defendant Joanne Cline declined to provide assurances that she would not dispose of the property in question. (Dkt. No. 49, at 2.) The Court adds that a review of the 37-page transcript from that 45-minute hearing confirms these facts. (*See generally* Dkt. No. 36.)

3

Third, as the Government argues, contrary to Defendants' argument that the standard of review of Magistrate Judge Stewart's Order granting the Government's application for a Prejudgment Writ of Attachment is de novo, in fact that standard of review is the deferential one appropriate during an appeal from a non-dispositive order.  (Dkt. No. 49, at 2-3.)[1]  The Court adds that Magistrate Judge Stewart's thorough non-dispositive Order easily survives that deferential review for the reasons stated therein.  (*See generally* Dkt. No. 39, at 13-21.)  The Court adds also that, because Defendants' Objections specifically challenge only this non-dispositive Order (and do not assert any specific arguments – new or not – with regard to Magistrate Judge Stewart's recommendation regarding Defendants' motions to dismiss), that recommendation is subject to only a clear-error review,[2] which it also easily survives for the reasons stated therein.  (*Id*. at 4-13.)

---

[1]    Specifically, in reviewing an appeal from a magistrate judge's non-dispositive order, the court "must modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also Statewide Aquastore, Inc. v. Pelseal Tech., LLC*, 06-CV-0093, 2010 WL 610685, at *2 (N.D.N.Y. Feb. 17, 2010) (Scullin, J.) ("When considering an appeal from a magistrate judge's ruling on a non-dispositive matter, a district court will modify or set aside any portion of the magistrate judge's ruling that it finds to be 'clearly erroneous or contrary to law.'") (quoting 28 U.S.C. § 636[b][1][A]; Fed. R. Civ. P. 72[a]).  A finding is clearly erroneous if "'on the entire evidence,' [the reviewing court] is 'left with the definite and firm conviction that a mistake has been committed.'"  *Snyder v. Louisiana*, 552 U.S. 472, 487 (2008) (citing *Easley v. Cromartie*, 532 U.S. 234, 242 [2001] [quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)]); *accord, United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004).  An order is contrary to law if "it fails to apply or misapplies relevant statutes, case law or rules of procedure."  *New York v. Salazar*, 08-CV-0644, 2011 WL 1938232, at *4 (N.D.N.Y. Mar. 8, 2011) (Kahn, J.); *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp.2d 70, 74 (N.D.N.Y. 2000) (Scullin, J.)

[2]    When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a de novo review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to  which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c).

Fourth, as the Government argues, contrary to Defendants' argument that Magistrate Judge Stewart's Order granting the Government's application for a Prejudgment Writ of Attachment is neither supported by evidence nor narrowly tailored, that Order both (a) is supported by a demonstration of both substantial potential liability and a recent transfer of a high-value asset for nominal consideration, and (b) neither transfers possession nor prevents use but leaves open proposed alternatives at the time of sale (including escrow of proceeds).  (*Id*. at 3.)  The Court adds that Magistrate Judge Stewart – clearly out of solicitude to Defendants – went out of his way to remind the Court of its power to reduce the amount of the attachment upon the necessary showing at the appropriate time.  (Dkt. No. 49, at 20-21.)

To the above-stated analysis, the Court adds two final points.  First, with regard to Defendants' arguments about the effect of Defendants' divorce decree, Magistrate Judge Stewart adequately addressed that argument.  (Dkt. No. 39, at 12-13 [relying on *United States v. Schippers*, 982 F. Supp. 2d 948, 953-54 (S.D. Iowa 2013)].)  Second, with regard to Defendant

---

Conversely, when a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review.  *See Mario v. P&C Food Markets, Inc*., 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge).  Finally, when no objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.

Joanne Cline's argument about good faith, Magistrate Judge Stewart also adequately addressed that argument.  (*Id.* at 20 [citing *United States v. DuBois*, 23-CV-80279, 2023 WL 9692124, at *1-6 (S.D. Fla. Nov. 14, 2023)].)

For all of these reasons, the Court accepts and adopts Magistrate Judge Stewart's Report-Recommendation in its entirety, denies Defendants' motions to dismiss, and affirms Magistrate Judge Stewart's Order granting the Government's Application for a Prejudgment Writ of Attachment in the amount of $875,000.00.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 39) is **ACCEPTED and ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motions to dismiss (Dkt. Nos. 16, 17, 32) are **DENIED**; and it is further

**ORDERED** that Magistrate Judge Stewart's Order granting the Government's application for a Prejudgment Writ of Attachment in the amount of $875,000.00 (Dkt. No. 39) is

**AFFIRMED**.

Dated: April 17, 2026
        Syracuse, New York

Glenn T. Suddaby
U.S. District Judge